## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAGAN MAHADEVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-536-GKF-JFJ |
| | ) | |
| PREM BIKKINA and JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion for Preliminary Injunction [Doc. 9], First Amended Complaint [Doc. 32], and Motion for Declaratory Judgment as a Matter of Law [Doc. 36] of plaintiff Jagan Mahadevan. For the reasons set forth, the court lacks jurisdiction with respect to Mahadevan's claims for injunctive and declaratory relief under the federal civil rights statute, 28 U.S.C. § 1983. For this reason, plaintiff's motion for preliminary injunction is denied and the motion for declaratory judgment as a matter of law is dismissed. Additionally, plaintiff's § 1983 causes of action are dismissed.

### Background and Procedural History

This case arises from conduct occurring over the span of a decade, and Mahadevan's filings include lengthy and, at times, convoluted factual recitals. Based on the filing in this case and matters subject to judicial notice, however, the court summarizes the relevant history as follows.

In 2006, Mahadevan joined the University of Tulsa faculty as an Assistant Professor of Petroleum Engineering. From 2006 to 2009, Mahadevan served as an undergraduate adviser and from 2009 to 2011 he was a graduate adviser. In 2008, defendant Prem Bikkina joined Mahadevan's research group as a trainee researcher. As such, Bikkina conducted experiments

studying the physical interactions between liquified carbon dioxide, water, and certain mineral samples at various pressures and temperatures, the measured physical parameters for which are contact angles and interfacial tensions.

Bikkina subsequently submitted for publication two papers regarding measurements of interfacial tensions.  Mahadevan alleges that the papers are plagiarized, infringe on his copyright, and misappropriate his intellectual property.

It appears that the University of Tulsa investigated the alleged plagiarism and concluded that Bikkina had not plagiarized the papers or otherwise acted unethically, although Mahadevan takes issue with the administrative process employed and conclusions reached.

Thereafter, Bikkina initiated a civil lawsuit in the Superior Court of the State of California in and for the County of Alameda asserting claims for negligence, intentional infliction of emotional distress, and defamation ("California Case").  On February 9, 2018, a California jury found in Bikkina's favor and calculated damages owed to Bikkina totaling $776,000.00.[1]  [Doc. 9, pp. 47-52].  On February 15, 2018, the Honorable Stephen M. Pulido, Judge of the Superior Court, entered a Judgment on Special Verdict in the amount of $776,000.00 reflecting the jury verdict, and directed Bikkina to file a Memorandum of costs and request for interest on the judgment.  [Doc. 36, pp. 38-39].  It appears that the judgment was entered based on a stipulation that Mahadevan waived his appellate rights in exchange for Bikkina foregoing the punitive damages stage of trial, although Mahadevan objects to the validity of the stipulation.  That same day, February 15, Mahadevan filed a Petition for Chapter 13 Bankruptcy in the Southern District

---

[1] The court takes judicial notice of documents of public record filed in the California Case.  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

of Texas.[2]  [Doc. 36, pp. 23-37].  On August 1, 2018, Judge Pulido directed an amended judgment

be entered in Bikkina's favor totaling $790,256.88, plus post-judgment interest.  [Doc. 9, pp. 45-

46].

Mahadevan moved to vacate the judgment and amended judgment arguing that they were

entered in violation of the automatic stay created by his bankruptcy filing, and that he had not

consented to the stipulation to waive his appellate rights.  The trial court denied the motion and

Mahadevan appealed.  [Doc. 36, pp. 46-47].  In the appeal, as an independent basis for setting

aside the judgment, Mahadevan argued that the trial court lacked subject matter jurisdiction based

on statutory workers' compensation exclusivity provisions.  The Court of Appeal of the State of

California, First Appellate District, concluded "[t]here is . . . no merit to any of Mahadevan's

arguments that the court erred in denying his motion to set aside the judgment as void," [Doc. 16-

1, p. 13], and affirmed the trial court's orders.

Pursuant to California's Code of Civil Procedure, Bikkina, as a judgment creditor, issued

requests for production of documents and written interrogatories seeking information in aid of

enforcement of the money judgment.  *See, e.g.,* [Doc. 9, pp. 32-40].  Mahadevan served responses

and objections, but Bikkina moved to compel further responses.  On March 28, 2019, Judge Pulido

granted Bikkina's motion to compel and directed Mahadevan to serve amended verified responses.

[Doc. 48, pp. 23-24].  Mahadevan appealed on the basis of lack of personal jurisdiction, among

other things, which was construed as a petition for writ of mandate.  The Court of Appeal of the

State of California, First Appellate District denied the petition.  [Doc. 9, pp. 56-72].

---

[2] The court takes judicial notice of documents of public record filed in the bankruptcy case.  *St. Louis Baptist Temple, Inc.,* 605 F.2d at 1172.

In April of 2020, Bikkina sought to domesticate the California Judgment in Texas as Mahadevan's last known address was in Sugar Land, Texas (Texas Enforcement Proceeding).[3]

Thereafter, on July 21, 2020, Mahadevan initiated this litigation in the U.S. District Court for the Southern District of Texas.  [Doc. 1].  Bikkina moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6).  [Doc. 7].  On October 14, 2020, U.S. District Judge Vanessa Gilmore of the Southern District of Texas granted the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), and transferred the case to this court.  [Doc. 18].

Upon transfer, the undersigned construed a document filed by Mahadevan in the Southern District of Texas titled "Memorandum of Law in Support of Motion for Temporary Restraining Order, Preliminary and Permanent Injunction and Issue a Declaratory Judgment Declaring the Rule of Law" [Doc. 9], as a motion for preliminary injunction.  [Doc. 23].  In the motion, Mahadevan seeks an injunction prohibiting Bikkina, "his agents, servants, employees, officers . . from judgment enforcement and post-judgment discovery against Texas Plaintiff [Mahadevan] under California laws."  [Doc. 9, p. 31]; *see also* [Doc. 9-1, p. 1 (proposed order restraining Bikkina "his officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B) . . . from extraterritorial application of California laws in Texas and enforcement discovery under California laws instead of Texas laws against Plaintiff or any other Texas residents")].

Mahadevan subsequently filed an Amended Complaint, the operative pleading, in this court.  [Doc. 32].  The Amended Complaint includes seven causes of action:  (1) a § 1983 claim

---

[3] The court takes judicial notice of documents of public record filed in the Texas Enforcement Proceeding.  *St. Louis Baptist Temple, Inc,* 605 F.2d at 1172.

premised on Bikkina's initiation of an alleged "unconstitutional enforcement discovery action compelling Plaintiff to submit to California statutes when Due Process required Defendant Prem Bikkina to follow Texas laws"; (2) a § 1983 claim premised on denial of Mahadevan's due process rights under the Fourteenth Amendment "as state law rejected notice of federal laws protecting Plaintiff's copyright rights"; (3) violations of the federal Copyright Act, 17 U.S.C. §§ 501 *et seq.*; (4) violation of section 43(a) of the Lanham Act; (5) a § 1983 claim for violation of plaintiff's First Amendment rights by California court's reliance on Bikkina's alleged "negligent misrepresentations" and violation of the Fourteenth Amendment by forcible waiver of plaintiff's state court appellate rights; (6) a § 1983 claim premised on deprivation of due process and equal protection rights under the Fourteenth Amendment through denial of workers' compensation immunity; and (7) a § 1983 claim premised on violation of the due process and equal protection clauses of the Fourteenth Amendment through entry of a void judgment in violation of the automatic stay by virtue of the bankruptcy filing.

On November 23, 2020, the Court Clerk transferred this case to U.S. District Judge John F. Heil pursuant to General Order 20-14.  [Doc. 34].  While this case was pending before Judge Heil, Bikkina filed a Motion for Bond and for Stay seeking an order requiring Mahadevan to post a bond to prosecute this case.  [Doc. 35].  Additionally, Mahadevan filed a Motion for Declaratory Judgment as a Matter of Law.  [Doc. 36].  Therein, Mahadevan requests a judgment declaring:  (1) the February 15, 2018 judgment entered in the California Case is null and void *ab initio*; (2) the August 1, 2018 amended judgment entered in the California Case, "as well as the modification of automatic stay by the state appellate court to cure the state trial court's earlier violation of the automatic stay" is null and void *ab initio*; (3) the domesticated judgment in Texas is null and void *ab initio*; and (4) "the state appellate court rule of decision rejecting Plaintiff's Oklahoma workers

compensation immunity is unconstitutional and violates the Fourteenth Amendment; and further . . . that Plaintiff's Oklahoma workers law immunities were never waived and that Oklahoma workers law exclusivity provisions reaches the fundamental subject matter jurisdiction in any court of law in the United States."[4]  [Doc. 36, p. 2].

On December 2, 2020, Bikkina timely responded in opposition to the motion for preliminary injunction and argued that the requested relief was barred by the federal Anti-Injunction Act, 28 U.S.C. § 2283.  [Doc. 42].  On December 13, 2020, Mahadevan filed a reply in support of the motion and attached a new proposed order.  *See generally* [Doc. 43-3].  In the new proposed order, Mahadevan expands his request for equitable relief and seeks an Order: (1) binding Bikkina to Texas law for enforcement of any judgment against Mahadevan; (2) directing Bikkina and his agents to dismiss all post-judgment enforcement actions in California against Mahadevan; (3) prohibiting Bikkina and his agents from commencing any post-judgment enforcement actions in California against Mahadevan; (4) prohibiting Bikkina and his agents from any judgment enforcement until "[Mahadevan's] first amended complaint . . . and dispositive motions are adjudicated by this Court on merits"; and (5) waiving any security amount.  [Doc. 43-3, pp. 2-3].

On December 23, 2020, Mahadevan filed a motion seeking Judge Heil's recusal.  [Doc. 44].  Judge Heil recused on January 4, 2021 [Doc. 45], and the case was reassigned to the undersigned.  [Doc. 46].

On January 12, 2021, Bikkina filed a Motion to Compel Written Discovery in the Texas Enforcement Proceeding.  The motion is set for written submission on January 25, 2021 at 8:00

---

[4] On December 4, 2020, Judge Heil granted Bikkina's Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint and Plaintiff's Motion for Declaratory Judgment, and ordered that Bikkina was not required to file an Answer to the Amended Complaint or a response to the Motion for Declaratory Judgment until the court rules on Bikkina's Motion for Bond and for Stay.  [Doc. 41].

a.m. in the District Court in the 240th Judicial District of Fort Bend County, Texas.  [Doc. 49, pp. 35-36].

On January 19, 2021, Mahadevan filed a Motion to Grant Emergency Temporary Restraining Order Pending Adjudication of Plaintiff's Motion for Injunction.  [Doc. 49].  Therein, Mahadevan requested an emergency temporary restraining order to preserve the "status quo by prohibiting the defendant Bikkina and his attorneys from (1) filing the *ex parte* application for order to show cause . . . in California; and (2) from proceeding with the motion to compel . . . in Texas until such time as this Court can consider Plaintiff's pending dispositive motions."  [*Id.* at p. 4].  The court denied the request for "emergency temporary restraining order," but stated:

> Insofar as Mr. Bikkina requests expedited injunctive relief, the court construes the requested relief as being encompassed in Mr. Mahadevan's Motion for Preliminary Injunction [Doc. 9].  The Motion for Preliminary Injunction is ripe and the court will determine it promptly.

[Doc. 50, p. 2].  The court now turns to Mahadevan's various requests for injunctive and declaratory relief.

### Preliminary Injunction Standard

Pursuant to Federal Rule of Civil Procedure 65, a party seeking a preliminary injunction must demonstrate "(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."  *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (quoting *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017)).

"[I]f a movant seeks a preliminary injunction that falls into one of the [following] three categories . . . the movant must satisfy a heightened burden":  (1) preliminary injunctions that alter

- 7 -

the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *O Centro Espirita Beneficiente v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam). Courts in the Tenth Circuit "must recognize that any preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.*

Tenth Circuit panels have declined to require an evidentiary hearing to determine the propriety of injunctive relief, but the trial court may conduct a hearing at its discretion. *See Carbajal v. Warner,* 561 F. App'x 759, 764 (10th Cir. 2014) (unpublished)[5]; *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, at *3 (10th Cir. 1998) (unpublished); *see also Shaw v. AAA Eng'g & Drafting, Inc*., 213 F.3d 538, 545 (10th Cir. 2000) ("An evidentiary hearing, however, was unnecessary to resolve these legal issues."); *Inst. for Just. v. Laster,* No. CIV-19-858-D, 2020 WL 4018290, at *1 (W.D. Okla. July 16, 2020) (quoting *Carbajal*, 561 F. App'x at 764) ("If, however, the facts are not in dispute, a ruling can be made based on the parties' paper submissions, as '[Federal Rule of Civil Procedure] 65(a) . . . does not always require a live hearing.'"). Here, the court has determined plaintiff's requests for injunctive relief may be determined as a matter of law and an evidentiary hearing is therefore unnecessary.

## Analysis

As discussed above, Mahadevan has articulated his requests for injunctive relief with varying levels of specificity. However, the requested relief is fairly characterized as a prohibition against Bikkina enforcing the judgment and amended judgment entered in the California Case,

---

[5] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

including looking to California's civil procedure with respect to post-judgment enforcement actions.  In opposition, Bikkina argues that the requested relief is barred by the federal Anti-Injunction Act, 28 U.S.C. § 2283.  Mahadevan asserts that exceptions to the Anti-Injunction Act apply.  However, prior to considering the application of the Anti-Injunction Act, the court must consider its own jurisdiction and abstention doctrines.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10 (1987).

A.     *Rooker-Feldman*

The *Rooker-Feldman* doctrine is a narrow doctrine that precludes lower federal courts from exercising appellate jurisdiction over final state court judgments.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).[6]  The doctrine prohibits a federal district court from exercising jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  However, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"  *Id.* at 293 (citation omitted).  Thus, *Rooker-Feldman* prohibits only a "federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment."  *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates Series 2006-4,* 880 F.3d 1169, 1174 (10th Cir. 2018); *see also*

---

[6] *Rooker-Feldman* is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance*, 546 U.S. at 464.  Mahadevan and Bikkina are parties to both the California Case and Texas Enforcement Proceeding and therefore an identity of parties exists.

*Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (of *Rooker-Feldman* stating "[t]o [plaintiff] this means that having lost in [state] court, []he cannot file a federal complaint seeking review and reversal of the unfavorable judgment"). "[T]he essential point is that barred claims are those 'complaining of injuries caused by state-court judgments.' In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Mayotte,* 880 F.3d at 1174 (quoting *Campbell v. City of Spencer,* 682 F.3d 1278, 1283 (10th Cir. 2012)).

In the second, fifth, sixth, and seventh causes of action in the Amended Complaint, Mahadevan asserts errors in the California Case that resulted in violations of his constitutional rights and rendering both the judgment and amended judgment void *ab initio*. Mahadevan therefore seeks to enjoin Bikkina from enforcing final judgments entered by the state court. In addition, in the Amended Complaint and Motion for Declaratory Judgment as a Matter of Law, Mahadevan asks the court to declare that the judgments entered in the California Case, as well as the domesticated judgment in the Texas Enforcement Proceeding, violate his constitutional rights and are void *ab initio*. In both his pleading and motions, Mahadevan also directly attacks the constitutionality of the California judge's legal rulings as to workers' compensation immunity. Throughout his filings in this matter, Mahadevan therefore seeks "what in substance would be appellate review of the state judgment . . . based on [his] claim that the state judgment itself violates [his] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The claims and requested relief therefore fall squarely within *Rooker-Feldman*. *See Mann*, 477 F.3d at 1147; *Jackson v. Davidson*, 272 F. App'x 722, 723-24 (10th Cir. 2008).

In addition to equitable relief, the Amended Complaint also seeks damages for the § 1983 claims. However, the claims for monetary damages are also barred by *Rooker-Feldman* as the

claims are "inextricably intertwined" with the state court judgments.  *See Mann*, 477 F.3d at 1147; *Webb v. Okla. Dep't of Hum. Servs.,* 516 F. App'x 727, 729 (10th Cir. 2013).

For the foregoing reasons, pursuant to *Rooker-Feldman*, the Amended Complaint's second, fifth, sixth, and seventh causes of action must be dismissed for lack of subject matter jurisdiction. Additionally, because all of the relief requested in Mahadevan's Motion for Declaratory Judgment as a Matter of Law [Doc. 36] is barred by *Rooker-Feldman*, the motion is also dismissed for lack of jurisdiction.

B.     *Younger Abstention*

In the Amended Complaint's first cause of action, Mahadevan asserts a § 1983 claim premised on Bikkina's efforts to enforce the California judgment through California civil procedure and the Texas Enforcement Proceeding.  Additionally, as discussed above, in the motion for preliminary injunction and related filings Mahadevan seeks to enjoin enforcement of the California judgment both through use of California civil procedure and the Texas Enforcement Proceeding.  *See* [Doc. 9; Doc. 32; Doc. 43; Doc. 49].  Plaintiff's requests for declaratory and injunctive relief implicate *Younger* abstention.  *See Younger v. Harris,* 401 U.S. 37 (1971).

"*Younger* provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'"  *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC,* 953 F.3d 660, 669-70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013)).  The doctrine applies only in "exceptional circumstances," including "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Id.* at 670.  *Younger* "requires abstention when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates

- 11 -

important state interests and (3) that affords an adequate opportunity to raise the federal claims." *J.B. ex rel. Hart v. Valdez,* 186 F.3d 1280, 1291 (10th Cir. 1999). All three requirements are satisfied in this situation.

First, Mahadevan seeks to enjoin ongoing proceedings to enforce the California state Judgment. This is the "prototypical example" of the "exceptional circumstances" in which *Younger* requires abstention. *See Elna Sefcovic, LLC,* 953 F.3d at 670-71 (noting *Younger* requires abstention where the party requested an injunction prohibiting a state court plaintiff "from executing the judgment in its favor"). Second*,* the U.S. Supreme Court has recognized a state's strong interest in enforcing its judgments. *See Pennzoil Co.,* 481 U.S. at 14 (reasoning "[n]ot only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained"). Third, the constitutional issues alleged may be raised before a state court judge and Mahadevan has not shown that the state court is an inadequate forum for raising the constitutional claims. *See Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (unpublished); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 436-37 (1982). Because the three elements are satisfied, abstention is not discretionary and the court must abstain from exercising jurisdiction over the first cause of action to the extent it seeks injunctive and declaratory relief.[7]

---

[7] To the extent the first § 1983 cause of action seeks monetary damages, the Tenth Circuit has suggested that staying the claim, rather than dismissal, is appropriate. *See D.L. v. Unified Sch. Dist. No. 497,* 392 F.3d 1223, 1228 (10th Cir. 2004). However, as discussed below, the court dismisses the first § 1983 cause of action in its entirety as it does not satisfy the deprivation under color of state law requirement.

C.      *State Action Requirement*

Even if jurisdiction existed over Mahadevan's § 1983 claims, the claims would be subject

to dismissal for the additional reason that Mahadevan fails to sufficiently allege deprivation under

color of state law.[8]

"To state a claim for relief in an action brought under § 1983, [plaintiff] must establish not

only the deprivation of a right secured by the Constitution or laws of the United States, but also a

deprivation committed under color of state law." *Brokers' Choice of Am., Inc. v. NBC Universal,*

*Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014).   "'[T]he under-color-of-state-law element of § 1983

excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  *Id.*

(quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Mahadevan alleges that Bikkina acted under the color of state law through his conduct in

bringing and litigating the California Case.  [Doc. 32, pp. 17-22].  In an unpublished decision, a

Tenth Circuit panel recognized

> Congress did not, in using the term "under the color of state law," intend to subject
> private citizens, acting as private citizens, to a federal lawsuit whenever they seek
> to initiate a prosecution or seek a remedy involving the judicial system.  To hold
> otherwise would significantly disregard one purpose of the state action
> requirement, which is to "preserve[] an area of individual freedom by limiting the
> reach of federal law and federal judicial power."

*How v. City of Baxter Springs*, 217 F. App'x 787, 793 (10th Cir. 2007) (unpublished) (quoting

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)); *see also Yanaki v. Iomed, Inc.*, 415 F.3d

1204, 1209 (10th Cir. 2005) (no state action where alleged nothing more than "private misuse" of

---

[8] A court may dismiss a complaint *sua sponte* "[i]f it is patently obvious that the plaintiff could
not prevail on the facts alleged, and allowing [the plaintiff] an opportunity to amend his complaint
would be futile." *King v. Oklahoma City*, No. CIV-06-1308-M, 2007 WL 1519014, at *2 (W.D.
Okla. May 21, 2007) (alteration in original) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365
(10th Cir. 1991)).

state laws); *Dickerson v. Leavitt Rentals,* 995 F. Supp. 1242, 1250 (D. Kan. 1998) (a person does not act under color of state law "by simply filing lawsuits in state court" against the federal plaintiff).  Thus, Mahadevan fails to allege state action for purposes of § 1983 liability and his § 1983 claims are subject to dismissal for this additional reason.

**Conclusion**

WHEREFORE, the second, fifth, sixth, and seventh causes of action in the Amended Complaint are dismissed without prejudice for lack of subject matter jurisdiction.  Additionally, the first cause of action in the Amended Complaint is dismissed without prejudice pursuant to the *Younger* abstention doctrine insofar as it seeks declaratory and injunctive relief.  Insofar as the first cause of action seeks money damages, the cause of action is dismissed for failure to state a plausible claim pursuant to Fed. R. Civ. P. 12(b)(6).  The only two causes of action that remain at issue in this litigation are cause of action three and four:  violations of the federal Copyright Act, 17 U.S.C. §§ 501 *et seq.*, and violation of section 43(a) of the Lanham Act.

IT IS FURTHER ORDERED plaintiff Jagan Mahadevan's Motion for Preliminary Injunction [Doc. 9] is denied.

IT IS FURTHER ORDERED plaintiff Jagan Mahadevan's Motion for Declaratory Judgment as a Matter of Law [Doc. 36] is dismissed for lack of jurisdiction.

IT IS SO ORDERED this 22nd day of January, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE