IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAGAN MAHADEVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 20-CV-536-GKF-SH |
| PREM BIKKINA and JOHN DOES, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Stipulation of Dismissal [Doc. 67] of Janet Northrup, Chapter 7 Bankruptcy Trustee of the Estate of Jagan Mahadevan, and defendant Prem Bikkina, as well as the Report in Response to Court's Order at ECF No. 66 and Plaintiff's Motion in Opposition to Defendant Bikkina's Stipulation of Dismissal [Doc. 68]. For the reasons set forth herein, this matter is dismissed.

**I.      Background/Procedural History**

This case has a lengthy procedural history, which the court does not fully summarize. Relevant to this Order, Mr. Mahadevan initiated this litigation on July 21, 2020. [Doc. 1]. In the Amended Complaint, the operative pleading, Mr. Mahadevan asserted seven causes of action, including violations of the federal Copyright Act, 17 U.S.C. §§ 501 *et seq.* and violation of section 43(a) of the Lanham Act. [Doc. 32].

In the early stages of the litigation, the undersigned construed a document filed by Mahadevan titled "Memorandum of Law in Support of Motion for Temporary Restraining Order, Preliminary and Permanent Injunction and Issue a Declaratory Judgment Declaring the Rule of Law," as a motion for preliminary injunction. On November 29, 2020, Mr. Mahadevan filed a

motion for judgment as a matter of law and, on January 19, 2021, he filed a motion for temporary restraining order.

In an Order of January 19, 2021, the court denied the motion for temporary restraining order. [Doc. 50]. Two days later, in an Opinion and Order of January 22, 2021, the court dismissed all of Mr. Mahadevan's causes of action except his claims for violations of the federal Copyright Act, 17 U.S.C. §§ 501 *et seq.*, and violation of section 43(a) of the Lanham Act. Additionally, the court dismissed Mr. Mahadevan's motion for judgment as a matter of law and denied the motion for preliminary injunction. [Doc. 51].

On January 25, 2021, Mr. Mahadevan filed an interlocutory appeal in the U.S. Court of Appeals for the Tenth Circuit related to a number of this court's rulings, including the court's January 22, 2021 Opinion and Order denying Mr. Mahadevan's motion for preliminary injunction and dismissing his motion for judgment as a matter of law. [Doc. 52].

On February 12, 2021, in the Tenth Circuit, Mr. Bikkina filed a Motion to Stay Appeal due Plaintiff-Appellant's Bankruptcy. In the motion, Mr. Bikkina advised that, on February 10, 2021, Mr. Mahadevan filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of Texas.

On March 3, 2021, the Tenth Circuit construed Mr. Bikkina's motion as a motion to abate appeal, granted the motion, and directed the Chapter 7 Trustee to file status reports.

Similarly, on February 16, 2021, having been advised that Mr. Mahadevan had filed for Chapter 7 bankruptcy, the court stayed this case "pending the chapter seven trustee's determination in this matter." [Doc. 58].

In the Tenth Circuit, the appeal remained abated. However, on August 7, 2024, Chapter 7 Trustee Janet Northrup filed a Status Report and Motion to Dismiss Appeal. Therein, Trustee

Northrup stated that she "received and accepted offers to settle certain intellectual property and litigation disputes with two parties to various lawsuits brought by the Debtor, including those pertinent to this appeal," and, further, that the Chapter 7 bankruptcy had concluded. As a result, Trustee Northrup stated,"[g]iven that the Trustee is the true (and only) party in interest as Appellant, and she does not wish to continue this appeal, the Trustee moves this Court to dismiss the instant appeal, with prejudice." *Mahadevan v. Bikkina*, No. 21-5009 (10th Cir. Aug. 7, 2024), [Doc. 010111091558]. Mr. Bikkina did not object to dismissal.

On August 23, 2024, the U.S. Court of Appeals for the Tenth Circuit lifted the abatement and dismissed the appeal. [Doc. 64]. The mandate issued that same day and jurisdiction transferred back to this court. [Doc. 65].

Given the Chapter 7 Trustee's statements to the Tenth Circuit that she settled claims related to this case and that the Chapter 7 bankruptcy has concluded, the undersigned directed the parties to file Status Reports advising the court of the status of the claims in this matter, as well as whether this case should continue to be stayed. [Doc. 66].

On August 29, 2024, Trustee Northrup and Mr. Bikkina filed the Stipulation of Dismissal wherein they stipulate to the dismissal of this action with prejudice, with each party to bear its own costs, attorneys' fees and expenses. However, the parties stated that the stipulation "is conditioned upon the Court's entry of an order of dismissal pursuant to Fed. R. Civ. P. 41(a)(2) on terms the Court considers proper, provided that those terms are consistent with the terms set forth in th[e] Stipulation." [Doc. 67].

On September 9, 2024, Mr. Mahadevan filed a document titled, "Report in Response to Courts Order at ECF No. 66 and Plaintiff's Motion in Opposition to Defendant Bikkina's Stipulation of Dismissal."[1] [Doc. 68].

## II. Analysis

As previously stated, Trustee Northrup and Mr. Bikkina's stipulation of dismissal is conditioned up the court's dismissal of this matter pursuant to Federal Rule of Civil Procedure 41(a)(2). [Doc. 67].

Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). "Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *see also Brown*, 413 F.3d at 1123. But "the district court normally should grant such a dismissal," absent "legal prejudice" to the defendant. *Brown*, 413 F.3d at 1123 (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

As previously stated, Mr. Mahadevan objects to dismissal of this matter. However, Mr. Mahadevan filed his Chapter 7 Bankruptcy Petition on February 10, 2021, over six months after initiation of this lawsuit. "[C]auses of action belonging to the debtor at the commencement of the bankruptcy case" are property of the bankruptcy estate. *Sender v. Simon*, 84 F.3d 1299, 1304-05 (10th Cir. 1996); *see also* 11 U.S.C. § 541(a)(1) ("The commencement of a case under [Chapter

---

[1] Mr. Mahadevan subsequently filed a Notice of Correction as to paragraph 20 of the document, which the court has reviewed. [Doc. 69].

7] creates an estate. Such estate is comprised of all the following property[:] . . . all legal or equitable interests of the debtor in property as of the commencement of the case.").[2] Thus, the claims asserted in this matter are property of Mr. Mahadevan's bankruptcy estate.

Upon the filing of the bankruptcy petition, "[the debtor's] legal rights and interest in any pending litigation [a]re extinguished, and his rights transferred to the trustee, who acts on behalf of the bankruptcy estate." *Smith v. United Parcel Serv.,* 578 F. App'x 755, 758 (10th Cir. 2014) (unpublished).[3] Accordingly, because the litigation is property of the estate, the trustee, rather than the debtor, has standing to pursue the claim. *Sender,* 84 F.3d at 1305. That is, "the trustee bec[omes] the real party in interest, and [s]he [is] the only one who could prosecute claims belonging to the bankruptcy estate." *Smith,* 578 F. App'x at 758; *see also Riggs v. Aetna Life Ins. Co.,* 188 F. App'x 659, 663 (10th Cir. 2006) (unpublished) (internal citation omitted) ("Once []he filed for bankruptcy, h[is] claims . . . became the property of the bankruptcy estate. At that point, the bankruptcy trustee, not [debtor], was the real party in interest with authority to dispose of the claims."). "Real-party-in-interest status does not change simply because a debtor had obtained a bankruptcy discharge and his bankruptcy case has closed." *Smith,* 578 F. App'x at 759.

Because the claims in this matter constitute property of the bankruptcy estate, Mr. Mahadevan's legal rights and interests in them have been extinguished. *Smith,* 578 Fed. Appx. at

---

[2] Further, Mr. Mahadevan identified the following as a claims against third parties in his Summary of Assets and Liabilities:

> Claim against Prem Bikkina for copyright infringement and damages from 1983 tort injury; Pending Lawsuit in Oklahoma; Northern District of Oklahoma – 4:20-CV-00536-GKF-JFJ

*In re Jagannathan Mahadevan*, No. 21-30545 (S.D. Tex. Bankr. 2021), [Doc. 13; Doc. 18].

[3] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

758. Although Mr. Mahadevan objects, he lacks standing to do so. *Sender,* 84 F.3d at 1305; *Riggs*, 188 F. App'x at 663.

Here, Trustee Northrup, the real party in interest, seeks an order of the court dismissing this case with prejudice. Defendant Mr. Bikkina does not object but rather also stipulates that dismissal with prejudice is appropriate. [Doc. 67]. Accordingly, Mr. Bikkina will not suffer legal prejudice and dismissal is appropriate. *Brown*, 413 F.3d at 1123.

The court notes that Mr. Mahadevan asserts "new claims" exist from "after the case was stayed in 2021 to the present date." [Doc. 68, p. 4]. However, these new claims are not at issue in this case. In fact, Mr. Mahadevan concedes as much by asking to amend. Thus, the alleged existence of such claims does not preclude dismissal of this matter.[4]

**III. Conclusion**

WHEREFORE, it is ordered that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that each party is to bear its own costs, attorneys' fees, and expenses.

IT IS SO ORDERED this 16th day of September, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[4] The court takes no position as to the validity of such claims and nothing herein should be construed to effect such claims.